# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Zerisenay Gebregiorgis*
Case No. 1:17-cr-00003-TMB-1

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Zerisenay Gebregiorgis' "Memorandum Regarding Scope of Resentencing Upon Remand" (the "Motion").[1] The Government opposes the Motion (the "Response").[2] Oral argument was not requested, and the Court finds the matter suitable for disposition without oral argument. For the following reasons, the Motion is **DENIED**.

Defendant was convicted by jury of Conspiracy to Distribute Controlled Substances, pursuant to 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), on December 6, 2017.[3] He was sentenced by the Court to 121 months in custody and 5 years of supervised release.[4] Defendant appealed his conviction and claimed that multiple errors were committed at trial and sentencing.[5] The Ninth Circuit affirmed the Court as to all issues except for the Court's imposition of special conditions of supervised release.[6] The Circuit stated:

> However, the district court plainly erred when it imposed special conditions of supervised release in the written judgment without stating them at oral sentencing. *See United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006) ("We conclude that the district court erred when it included in the written judgment nonstandard conditions of supervised release without first announcing those conditions as part of [the defendant's] oral sentence."). Therefore, we remand for resentencing so that the district court may impose special conditions of supervised release consistent with this disposition.
>
> AFFIRMED in part, and REVERSED and REMANDED in part.[7]

Defendant now argues that "[i]n spite of the seemingly narrow language of the Ninth Circuit's ruling, caselaw on the scope of resentencing on appeal supports a full resentencing in this matter."[8]

---

[1] Dkt. 192 (Motion).
[2] Dkt. 193 (Response).
[3] Dkt. 108 (Special Verdict Form).
[4] Dkt. 147 (Amended Judgment).
[5] Dkt. 183 (Ninth Circuit Mem. Op., Case. No. 18-30126); *see also* Dkt. 187 (Mandate of Ninth Circuit).
[6] Dkt. 183 at 2–5.
[7] *Id.* at 5 (emphasis omitted).
[8] Dkt. 192 at 2.

Defendant cites *United States v. Washington* for the proposition that the Court is not limited in "what else the district court ha[s] discretion to do."[9] Defendant argues that since there is no limiting language, the Court "should follow the general practice of holding a full resentencing."[10] Defendant also argues that *United States v. Napier*, cited by the Ninth Circuit in its Memorandum Opinion, supports a full resentencing.[11]

The Government opposes a full resentencing.[12] The Government argues that there is "clear guidance" from the Ninth Circuit and that "the district court should conduct a narrowly tailored sentencing hearing only addressing the imposition [of] the special conditions of supervised release."[13] It argues that Defendant's reliance on *Washington* and *Napier* for a full resentencing is misplaced.[14] In both of those cases the entire sentence was vacated, whereas here, the only issue on remand is the Court's imposition of special conditions of supervised release.[15]

"[T]he general practice in a remand for resentencing [is] to vacate the entire sentence. [The Ninth Circuit] will presume that this general practice was followed unless there is 'clear evidence to the contrary.'"[16] "If the case is remanded for further proceedings, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal."[17]

Here, the Court finds that there is "clear evidence" that the Court may proceed with a resentencing with the limited purpose of imposing special conditions of supervised release. First, the Ninth Circuit did not vacate Defendant's sentence. The Government correctly and persuasively points out that in both *Washington* and *Napier*, the Ninth Circuit vacated the sentences on appeal and remanded for resentencing.[18] The Ninth Circuit here wrote that the Court erred "when it imposed special conditions of supervised release in the written judgment without stating them at oral sentencing" and proceeded to state "[*t*]*herefore*, we remand for resentencing so that the district court may impose special conditions of supervised release consistent with this disposition."[19] Indeed, the disposition of the case on appeal states "AFFIRMED in part, and REVERSED and REMANDED in part."[20] The most natural reading of paragraph four of the Ninth Circuit's opinion, and disposition, is that the Circuit remanded the case because of the singular issue of the special conditions. Additionally, the Ninth Circuit otherwise affirmed the Court's actions at

---

[9] 172 F.3d 1116, 1118 (9th Cir. 1999); Dkt. 192 at 3.

[10] Dkt. 192 at 3.

[11] *Id.* (citing *United States v. Napier*, 463 F.3d 1040, 1044 (9th Cir. 2006)).

[12] Dkt. 193.

[13] *Id.* at 4.

[14] *Id.* at 4–5.

[15] *Id.*; *Washington*, 172 F.3d at 1118; *Napier*, 463 F.3d at 1046.

[16] *Washington*, 172 F.3d at 1118 (quoting *United States v. Caterino*, 29 F.3d 1390 (9th Cir.1994), *overruled on other grounds by Witte v. United States*, 515 U.S. 389 (1995)).

[17] *Id.* (citing *Stevens v. F/V Bonnie Doon,* 731 F.2d 1433, 1435 (9th Cir.1984)).

[18] *Id.* at 1117 ("On appeal, we affirmed [defendant's] conviction, vacated his 144 month sentence, and remanded for resentencing."); *Napier*, 463 F.3d at 1043 ("We conclude that the appropriate remedy in this case is to vacate Napier's sentence and remand for resentencing.").

[19] Dkt. 183 at 5 (emphasis added).

[20] *Id.*

2

sentencing that were challenged by Defendant, which supports the Court's interpretation that the only issue in need of correction on remand is the imposition of special conditions.[21]

Accordingly, for the reasons stated above, the Motion at Docket 192 is **DENIED**. The Court will proceed with a limited resentencing to address the special conditions of supervised release.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 9, 2021.

---

[21] *See id.* at 3–4 ("Neither did the district court plainly err in sentencing Gebregiorgis.").