# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Zerisenay Gebregiorgis*
Case No. 1:17-cr-00003-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Zerisenay Gebregiorgis' "Motion to Reconsider" (the "Motion") the Court's Order at Docket 202 (the "Order") denying Defendant's motion for a full resentencing.[1] At the Court's direction, the Government filed a response (the "Response") and opposes the Motion.[2] The matter is ready for disposition without oral argument. For the following reasons, the Motion is **DENIED**.

Defendant argues that the Court committed a "'manifest error of law'" by denying Defendant's motion for a full resentencing.[3] Defendant asserts that the Court did not address his argument, that under *United States v. Napier*, "the proper remedy is a full resentencing when the court orders special conditions that are not pronounced as part of the oral sentence."[4] He argues that the Court misapplied *Napier* and should conduct a full resentencing.[5] In support of his proffered application of *Napier*, he also cites the Ninth Circuit case *United States v. Lopez*, an example in which the Ninth Circuit remanded a case without vacating the underlying sentence.[6] He argues that *Lopez* is "consistent with the practice established in *Napier*[.]"[7] He concludes by stating "[t]he fact that the *Napier* court's order unambiguously vacated the entire sentence, and the Ninth Circuit's order in Mr. Gebregiorgis's case was more ambiguous, does not change the holding in *Napier*," which requires a full resentencing.[8]

The Government opposes the Motion.[9] The Government argues that Defendant's application of *Lopez* does not support the notion that "when it is ambiguous there is a requirement for a full resentencing."[10] It instead argues that the Court must proceed "in accordance with the mandate and law of the case established on appeal."[11] The Government states that the Ninth Circuit's

---

[1] Dkts. 203 (Motion); 202 (Order Denying Motion for Full Resentencing).
[2] Dkts. 205 (Text Order); 206 (Response).
[3] Dkt. 203 at 3 (quoting D. Alaska Local R. Crim. P. 47.1(g)(1)(A)).
[4] *Id.* at 1.
[5] 463 F.3d 1040, 1044 (9th Cir. 2006); Dkt. 203 at 2–3.
[6] Dkt. 203 at 2 (discussing *United States v. Lopez*, 818 F. App'x 654, 657 (9th Cir. 2020)).
[7] *Id.*
[8] *Id.* at 2–3.
[9] Dkt. 206.
[10] *Id.* at 3.
[11] *Id.* at 3 (citing *United States v. Washington*, 172 F.3d 1116, 1118 (9th Cir. 1999) (citing *Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1435 (9th Cir. 1984)).

1

mandate is "narrowly tailored . . . so the [C]ourt may consider implementing special conditions of supervised release."[12]

"'Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases.'"[13] Under Local Criminal Rule 47.1(g)(1), a "court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."

Here, Defendant moves for reconsideration under Local Criminal Rule 47.1(g)(1)[A], yet shows no manifest error of law.[14] First, this Court is bound by the Ninth Circuit's decision in this case, which "AFFIRMED in part, and REVERSED and REMANDED in part."[15] The Ninth Circuit did not vacate Defendant's sentence and, in fact, affirmed all other portions of the sentence that were challenged on appeal.[16] The Court found the Ninth Circuit's Memorandum Opinion was "clear evidence" that resentencing was required as to only the special conditions of supervised release.[17] Nothing raised in this Motion disturbs the Court's prior analysis.

Second, the Court in its Order addressed Defendant's second argument, that "the proper remedy is a full resentencing when the court orders special conditions that are not pronounced as part of the oral sentence."[18] The Court described Ninth Circuit precedent requiring "clear evidence" for the Court to properly proceed with a limited resentencing, the impact of the *Napier* precedent on Defendant's case, and notably, the Ninth Circuit's actions *in this case*.[19]

Third, the Defendant's citation to *Lopez* is unpersuasive.[20] In *Lopez*, the Ninth Circuit concluded that the district court erred by imposing written conditions of supervised release that conflicted with its oral sentence pronouncement.[21] Because the oral sentence pronouncement was a "complete and unambiguous sentence" that controlled over the conflicting written judgment, the Ninth Circuit remanded without vacating the sentence for the limited purpose of correcting the written judgment.[22] While the Court agrees with Defendant that *Lopez* is consistent with *Napier*, the *Lopez* decision does not establish that the Court made a manifest error of law requiring reconsideration of Defendant's motion for a full resentencing.

---

[12] *Id.* at 5.
[13] *United States v. Goulding*, No. 1:18-cr-00240-LJO, 2020 WL 6131688, at *1 (E.D. Cal. Oct. 19, 2020) (quoting *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013)).
[14] *See* Dkt. 203 at 1; D. Alaska L. Crim. R. 47.1(g)(1)(A).
[15] Dkt. 183 at 5 (Ninth Circuit Mem. Op., Case. No. 18-30126).
[16] *See id.* at 3–5.
[17] Dkt. 202 at 2.
[18] *See* Dkt. 203 at 1.
[19] *See* Dkt. 202 at 2–3.
[20] Dkt. 203 at 2.
[21] *Lopez*, 818 F. App'x at 657.
[22] *Id.*

This Court is bound by the Ninth Circuit's decision.[23] Accordingly, the Court will proceed with a limited resentencing as outlined in the Court's Order.

The Motion at Docket 203 is therefore **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 21, 2021.

---

[23] *Washington*, 172 F.3d at 1118 (citing *Stevens*, 731 F.2d at 1435) ("If the case is remanded for further proceedings, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal.").